UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

-against-

98-cr-1023 (LAK)

MAMDOUH M. SALIM,

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

LEWIS A. KAPLAN, *District Judge.*

Defendant was arrested in 1998 on a complaint and ultimately charged in a series of superseding indictments with various crimes relating to the al Qaeda bombings of the United States Embassies in Kenya and Tanzania. While awaiting trial before this Court, defendant stabbed and gravely injured a guard at a Bureau of Prisons facility. He was charged before a different district judge in a separate indictment with conspiracy to murder and attempted murder of the guard. *United States v. Salim,* 01-cr-02 (DAB). That case resulted in his conviction, and he now is serving a sentence of life imprisonment. *See United States v. Salim,* 690 F.3d 115 (2d Cir. 2012), *cert. denied,* 568 U.S. 1115 (2013).

Defendant never was brought to trial in this case. On April 30, 2019, the United States Attorney filed a *nolle prosequi* that the Court approved on May 8, 2019. Accordingly, all of the indictments against defendant in this case have been dismissed.

Defendant now moves *pro se* for relief from the judgment or order of dismissal.[1] He argues that the Court erred in approving the *nolle* without his consent, asserting that he has a right to be tried or to have the indictments against him dismissed.[2] He is mistaken.

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution *during trial* without the defendant's consent." Fed. R. Crim. P. 48(a) (emphasis added). Thus, the government had a virtually absolute right to *nolle* the indictments against defendant in this case as long as it did so before trial. The defendant's consent is not required. *United States v. Delagarza*, 650 F.2d 1166, 1167 (10th Cir. 1981); *United States v. Boiardo*, 408 F.2d 112, 114 (3d Cir. 1969). The check on any government harassment that in different circumstances might occur is the requirement of leave of the court, a matter as to which the a court has only limited discretion. *See, e.g.*, *Rinaldi v. United States*, 434 U.S. 22, 30 n.15 (1977); *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1013 (8th Cir. 2001); *United States v. KPMG LLP*, No. 05-cr-903 (LAP), 2007 WL 541956, at *5 (S.D.N.Y. Feb. 15, 2007); *United States v. Rosenberg,* 108 F. Supp. 2d 191, 202-03 (S.D.N.Y. 2000). And here there was every reason for the Court to grant leave. Defendant is serving a term of life imprisonment on his attempted murder and conspiracy

---

[1]  Defendant's counsel of record at the time the *nolle* was filed was Louis V. Fasulo, Esq. As the record reveals, the defendant was extremely unhappy with Mr. Fasulo. As the Court never perceived a justifiable reason for a change of counsel, it declined to subject the public to the expense of substituting and educating new counsel with respect to the massive record in this case, especially as it appeared highly unlikely that the government ever would proceed with it against this defendant.

[2]  This is not a Section 2255 motion because defendant is not here challenging the sentence pursuant to which he now is in custody. He is not under any sentence in this case. *See* 28 U.S.C. § 2255(a).

3

convictions.  Another trial on the Embassy bombing matter, which occurred nearly 22 years ago, would be exceptionally expensive for the government and burdensome for victims and witnesses. So the government was entirely justified in deciding to *nolle* these indictments.  It remains only to dispel two of the defendant's misconceptions.

First, contrary to his assertion, defendant is wrong in believing that a *nolle prosequi* is not a dismissal of the indictments.  Under federal law, which governs here, it is precisely that, albeit a dismissal without prejudice unless otherwise specified. *See* BLACK'S LAW DICTIONARY, *nolle prosequi* (11th ed. 2019) ("to have (a case) dismissed by a nolle prosequi").

Second, defendant's apparent belief that his consent to the *nolle* was necessary rests on *Martin v. Hearst*, 777 F.3d 546 (2d Cir. 2015).  That was a libel case governed by Connecticut law in which the Circuit, as defendant states, observed in a footnote that "a nolle prosequi may not be entered if the accused objects and demands either a trial or dismissal." *Id.* at 548 n.1.  And that indeed is true, as the previous sentence of *Martin* states, "[u]nder Connecticut law." *Id.*  This is by virtue of a state statute,  Conn. Gen. Stat. § 54–56b, that does not apply in federal criminal cases. *See id.  Martin* therefore is inapposite.

Accordingly, defendant's motion (as yet undocketed due to the impact of the pandemic) is denied.  That said, the Court acknowledges defendant's claim that Bureau of Prisons records indicate that defendant is awaiting trial in the Southern District of New York and that there is, or the BOP believes there is, a detainer outstanding against him in this case.  The Court is not in a position to determine whether any of that is true.  Against the possibility that there is an outstanding detainr against defendant, the Court hereby requests the United States Attorney's office to send a copy of the *nolle prosequi* to the warden of the institution where the defendant is confined, with a copy to the defendant.  The Court requests also that the Clerk of the Court mail a copy of this

4

opinion to the defendant.

SO ORDERED.

Dated:        May 11, 2020

_____
/Lewis A. Kaplan
United States District Judge