In The US Dist. Courts     Aug 26, 2020
For Dist. Court of SDNY

USA v. SALIM     Case # 98-Cr-1023-(LAK)

Deft's Pro Se Motion For Estoppel Against Govt. From Using The Nolprossed Indictment Against Deft, OR, as alternative, To Give Deft His Constitutional Right To Prove His Innocence.

    Although the above captioned case # 98-Cr-1023 (LAK) was nolprossed for Deft Salim in May 2019, the Govt. continues to use it against him as if he were convicted of all allegations set forth in Indictment. This act by Govt. is in violation of Deft's Rights (the 5th, 6th, 8th Amend & else).

    Hereby, the Deft is moving this Hon. Court to estop Govt. from this illegal act or misconduct.
    Or, as an alternative, this Court may order the Govt. to allow the Deft to practise his Constitutional Right to prove his innocence obviously, through or by a fair trial.

    The grounds for such a motion are explained below:—

1

1. About 4 weeks ago, in July 29, 2020, the Order of this Court (Dkt. 2149) arrived to ADX Prison where Deft Salim is incarcerated. After some time, according to SAMs' Provisions, The Order was given to Salim (Exh. 1). The Court's Order denied the Deft's motion in which he requested the nolle prosequi to be made "with prejudice" AND the Records that related to the indictment to be erased. The Court's Denial mentioned the issue of "with prejudice" ONLY. The 2nd issue of "erasing the Records" was left without ruling or decision. Anyway, Deft in this motion here is not requesting erasure of record. Rather, to estop Govt from using the nolprossed indictment against Deft if the record was not erased.

2. Although the indictment was nolprossed in May 2019, Govt still and continues to use it against Deft:
* In March 10, 2020, in a Memorandum to Director of BOP, the Deputy Ass. of Att. Gen. of Washington DC used the nolprossed indictment as a ground to renew the SAM for the 23rd years on Deft Salim.
* In March 24, 2020, the Warden of ADX used the unfounded allegations in the nolprossed Indictment as grounds for SAM 2020.
* In July 6, 2020, the AUSA-SDNY office used the same unfounded allegations, which had already nolprossed, to support its response to a Deft's motion.

These acts contradict Govt's admission and affirmation it adopted in Fawwaz, 694 Fed Appx 847 (2nd 2017) which warrants applying on them "estoppel by record" or by deed — as shown next:-

2

3. Since the 1st day when Deft was arrested in Sept 16, 1998 (22 yrs. ago) until today, Deft Salim had been maintaining his innocence and that he never was a member of the Al-Qaeda (AQ) Orginazation – not even for one day. Yet, Govt disagreed until the truth came out in the trial of the Co-defendant Al-Fawwaz in 98-Cr-1023 (LAK) when the authentic list of Al-Qaeda members (the List) was put by Govt as evidence. The List (* 98 Cr. 1023 (LAK)_AAL_C 496 → 500) has names of every & each AQ member and any person who was one day a member – that includes any member who: died, fired, resigned, quit, left, returned back to his country, surrendered to other governments, AND who had already turned against A/Q and joined the Prosecution Team as a Govt. witness. All these types of persons who is or was a member, his name was in that authentic List. But, the name of Salim was NOT there!.

4. The List adopted by Govt as an authentic evidence was permitted by this very Dist. Court of SDNY and the 2nd Cir. affirm the Dist. Judge permission and affirmed the authenticity of the List by saying: "The List had been sufficiently authenticated due to its distinctive characteristics"... as the FBI Agent explained that the List was recovered from the residences of "Osama Bin Laden and another high-ranking Al Qaeda officer" and

3

that the List was confirmed by "reviewing [it] in a secure facility in the United States"... "the List was an authentic Al-Qaeda-drafted document. Testimony from former AlQaeda members offered further support for an inference that the list was accurate"... "former AlQaeda member turned Government witness identified the List as being a List of AlQaeda members just by looking at it... another former AlQaeda member turned Government witness, similary stated that he recognized names on the List as names of AlQaeda members". Al-Fawwaz, 694 Fed Appx 847, at 850 (2nd Cir. 2017)

5. Yet, Salim's name is NOT in the List. Moreover, some of those A/Q Govt's witness, including Kherchtou, said that Salim was NOT A/Q member in the Trial of 98-Cr-1023 (Judge Sand) in 2001.

6. The nolprossed Indictment did not charge Salim with any count related to Embassy Bombing. So, obviously: Salim is NOT a A/Q member nor participated in Embassy Bombing by Gov's own admission (thru the List & their witnesses). Hence, once Gov states otherwise — as in the 3 examples said in ¶ 2 Supra, Gov has contradicted its own admission and became eligible to face an "estoppel by record (or judgement)". Another approach is coming next.

4

7. Even if the Indictment was not nolprossed, Deft Salim, before a trial, is considered innocent as per both 2nd Cir and S.Ct. as well:
* Deft has "the right to the presumption of innocence" Tovar, 541 US 77, at 83 (2004)
* "Defendant is presumed innocent until proven guilty" and "may be convicted only if the prosecution meets its burden of proving guilt beyond a reasonable doubt" Velez, 116 F.3d 58, at 61 (2nd Cir. 1997) citing Taylor, 436 US at 484 (1978).

8. In fact, even if the Indictment still exists, it is NOT evidence of any thing as per 2nd Cir:
* "An indictment is only an accusation... it is not evidence that the offence charged was committed" Glaziou, 402 F.2d 8, at 15 (2nd Cir. 1968)
* "An indictment is simply an accusation. It is not evidence of anything" (emphasis added) Barner, 2014 US App. Lexis 5868, at 5 (2nd Cir. 2014)

9. Thus, even if the Indictment still exists, Deft Salim is considered innocent and Govt. can NOT use it an evidence of anything against Salim. Yet, Govt went more wrongfully when it used something which does NOT exist (i,e the nolprossed Indictment) against Salim. A nolle prosequi is a procedure that makes the Indictment as does NOT exist - see e.g. Washington, 127 F.3d 552, at 557 (7th. Cir. 1997)

5

10. Moreover, when Govt makes a statement contradicts its admission in Al-Fawwaz case and the nolprossed Indictment, as well albeit the Indictment no longer exists, either, and uses the unfounded allegations as if Salim were already convicted with them by a fair trial, by such act Govt has violated the 5th, 6th, & the 8th Amendment Right when it used its false statement against Salim. Each of the 5th, 6th, and the 8th is explained subsequently infra:

11. Regarding the 5th Amend., here is what 2nd Cir said:
    * "Defamation is one such recognized catagory of unprotected speech"... and a speech is "defamatory if it consisted of false statements of fact about a private individual" Sergentakis, 787 Fed Appx 51, 52 (2nd. 2019)
    * And, a defamatory statements made by the Govt, which may cause a "stigma Plus" i.e. v damage against the "liberty based procedural due process" Waronker, 788 Fed Appx 788, at 794 & H.N. 8 (2nd Cir. 2019).

12. And, regarding the 6th Amend., Govt is refusing to try Deft Salim and at same time deals with all unfounded allegations as if Salim were convicted of them by a fair trial. Thus, Govt neither proves guilt of Salim nor allow him to prove his innocence. Rather, it just continues to use its accusations against him as facts and evidences.

6

13. Finally, for 8th Amend violation, obviously, by Govt using its "defamatory" statements (unproven and unfounded) against Deft Salim, it shows a violation for the dignity. But, the Supreme Court said that the 8th Amendment "reaffirm the duty of the government to respect the dignity of all persons" Moore, 137 S.Ct. 1039, at 1042 (2017).

14. Thus, by Govt violating the Const. Rights 5th, 6th and 8th of Deft Salim makes him eligible to request the Court authority to estop the Govt as required by the Supreme Court and 2nd Cir, as well:
* "The fundamental purpose of the [5th Amend] privilege is to protect individuals against government over-reaching" Balsays, 119 F.3d 122, at 125 (2nd Cir. 1996)
* Also, it is among the duties of a court: "to protect individual against the oppression by the government". DiFrancesco, 604 F.2d 769, at 784 (2nd Cir. 1979) Citing Scott, 437 US 82, at 99 (1978)
* Such a duty on Court in protecting "individuals' rights and liberties against the Govt encroachment" G.P.S., 66 F.3d 483, at 498 (2nd Cir. 1995) is considered according to US Constitution to be "the bedrock principle" Velez, 401 F.3d 75, at 94 (2nd Cir. 2004).

7

15. Now, for Court to practise its authority in protecting the 5th, 6th, and 8th Amendments of Deft Salim, it can order Govt to:
① erase the records regarding or related to the nolprossed indictment as per: Martin, 777 F.3d 546 (2nd Cir. 2014)
OR, ② expunge the records as per: Schnitzer, 567 F.2d 536 (2nd 1977)
OR, ③ Seal the records as per: Robin, 545 F.2d 775 (2nd 1976)

16. The 2nd Cir has allowed and empowered its Dist. Courts to order any of the 3 options. Also, other Cirs accorded with the 2nd Cir - see e.g.:
Pokaski, 868 F.2d 497 (1st Cir. 1989)
King, 2011 US App Lexis 26804 (6th Cir. 2011)
Buckley, 848 F.3d 855 (8th Cir. 2016)

17. If this Court declines to choose any of the 3 above mentioned options, it is kindly requested, so as to protect Deft's Const. Rights, to just order an "estoppel" preventing the Govt from using the nolprossed indictment, including its allegations, against Salim.

18. However, if this Court, relying on sound laws and authorities and its discretion, declines again from ordering Govt. an "estoppel" allowing them continuing violating Deft's Const. Rights, then Deft, as an alternative, asks Court to allow him to practise his right in proving his innocence as explained next:-

8

19. If Gov't refuses to prove the Deft's guilt beyond reasonable doubt, the Deft wants to prove his innocence as his right secured by both Supreme Court and the 2nd Cir., as well:

* As per the 5th Amend. Due Process Right a Deft has the "right to demonstrate [his] innocence" Newton, 779 F.3d 140, at H.N. 5 (2nd Cir. 2012)
* "there is no doubt that a Deft has a right to attemp to establish his innocence" Wade, 333 F.3d 51, at 61 (2nd Cir. 2003)
* Defendants have "the right to assert their innocence" Moore, 562 US 115, at B section (2010)
* Every Deft has "his valued right to have his guilt or innocence determined before the first trier of fact". Sattazahn, 537 US 101, at 121 (2003)

20. Obviously, the only way that Deft can prove his innocence is to put him in a fair trial.

### Conclusion

For the aspect set forth, this Court is kindly requested to protect the Deft's Const. Rights by an "estoppel" order preventing Gov't from using the nolprossed indictment by any manner against the Deft. Or, as an alternative, to allow Deft proving his innocence in a fair trial.

Executed in Aug 26, 2020.

Respectfully Submitted
M. SALIM - The Deft

9

Memorandum Endorsement          United States v. Salim, 98-cr-1023 (LAK)

      This frivolous motion is denied in all respects. The only part that warrants comment is the alternative request that the dismissal of the indictment effected by the government's *nolle prosequi* be made "with prejudice." While the likelihood that the government ever would seek to revive the now dismissed prosecution, especially in light of the fact that defendant is unlikely ever to be released from prison, is *de minimis*, there are no grounds for making the dismissal with prejudice. Should the government do so, there would be many arguments open to the defendant as to why a new prosecution should be dismissed. Of course, the Court does not now express any opinion as to their merit.

      SO ORDERED.

Dated:     July 18, 2020

                                                  Lewis A. Kaplan
                                            United States District Judge

Exh. 1

CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
THE DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
U.S. COURTHOUSE - 500 PEARL STREET
NEW YORK, NY 10007
OFFICIAL BUSINESS

cm-20-42426054-0729-ml-038

DV DANIELS NJ 070
22 JUL 2020 PM 4L 09
neopost
US POSTAGE

Joy

Legal Mail

Mamdouh Mahmud Salim
Reg. No. 42426-054
Florence ADMAX
U.S. Penitentiary
P.O. Box 8500
81226- Florence, CO 8/2/26

10

## Certificate of Service & Declaration

I am: Mamdouh SALIM 42426-054 the Dft of the Case # 98-Cr-1023 (LAK) Certify under the penalty of perjury that On Aug 26, 2020 I gave this motion (11 pages including this one) in a full pre-paid stamped envelope and properly addressed to:

Hon. Judge. L. A. Kaplan
US Court houses. SDNY
500 Pearl Street,
New York, NY 10007

I handed the same to ADX prison staff to be mailed out.

And, that the Clerk of the Court will kindly provide a copy thru E-mail to the Gov't and whosoever has to be informed.

M. SALIM 42426-054
The Dft
Aug 26, 2020

11

Court Mail

Handed To Prison Staff Aug DENVER CO 802
8 OCT 2020 PM 9 L
Case # 98-Cr-1023 (LAK)

Hon. Judge L. Kaplan
US Courthouse - SDNY
500 Pearl Street
New York, NY 10007

Name: Mamdouh SALIM
Reg. No.: 42426-054
U.S. Penitentiary Max.
P.O. Box 8500
Florence, CO 81226-8500



**U.S. Department of Justice**
Federal Bureau of Prisons

**Federal Correctional Complex Florence**
☑ Administrative Maximum Security Institution
☐ High Security Institution
☐ Medium Security Institution
☐ Minimum Security Institution

September 30, 2020

MEMORANDUM FOR:   The Honorable Lewis A. Kaplan
United States District Court for the
Sothern District of New York

FROM:   Foster, Brent Special Investigative Services Technician

SUBJECT:   **Mail from Inmate Salim Reg. No. 42426-054**

The aforementioned inmate's Mail to the Court is untimely through no fault of his own, and has been delayed due to agency regulations concerning the processing of mail. Thank you for your attention in this matter of mutual concern.