MEMO ENDORSED

In The US Dist. Courts     Aug 26, 2020
For Dist. Court of SDNY

USA v. SALIM     Case # 98-Cr-1023-(LAK)

Deft's Pro Se Motion For Estoppel Against Govt. From Using The Nolprossed Indictment Against Deft, OR, as alternative, To Give Deft His Constitutional Right To Prove His Innocence.

Although the above captioned case # 98-Cr-1023 (LAK) was nolprossed for Deft Salim in May 2019, the Govt. continues to use it against him as if he were convicted of all allegations set forth in Indictment. This act by Govt. is in violation of Deft's Rights (the 5th, 6th, 8th Amend & else).

Hereby, the Deft is moving this Hon. Court to estop Govt. from this illegal act or misconduct.
Or, as an alternative, this Court may order the Govt. to allow the Deft to practise his Constitutional Right to prove his innocence — obviously, through or by a fair trial.

The grounds for such a motion are explained below:—

1

<u>Memorandum Endorsement</u>                                  <u>United States v Salim</u>, 98-cr-1023 (LAK)

      Defendant raises two issues, viz. that (1) the "nollied" indictment improperly was used by BOP to renew special administrative measures., and (2) the allegations underlying that indictment were used by an AUSA to respond to a defendant's motion.

      1.    Defendant must "exhaust his administrative remedies under the Bureau of Prisons Administrative Remedy Program with regard to whatever special administrative measures are imposed upon him." *United States v. Yousef*, 327 F.3d 56, 165 (2d Cir. 2003) (abrogated on other grounds). In particular, the Second Circuit explained that courts "lack jurisdiction to consider [a defendant's] claim that [allegedly prejudicial] materials have been used to justify the Bureau of Prisons' imposition of special administrative measures against him' unless he has exhausted his administrative remedies against the Bureau of Prisons." *Id.* at 173. Defendant does not claim to have done so.

      2.    Defendant takes issue with a July 6, 2020 response by the United States Attorney's office in another unspecified defendant's motion in an unspecified case which the government referred to the "nollied" indictment in a manner that defendant contends was defamatory of him and/or violated his dignity.

      It is impossible from the information defendant provides to understand what he is complaining about. In any case, however, it is difficult to imagine any merit to the complaint because a nolle does not operate as an acquittal, and does not render the underlying allegations untrue. *See, e.g., United States v. Martinez*, 844 F. Supp. 975, 981 (S.D.N.Y. 1994). For example, facts underling a "nollied" indictment can bear on a court or jury's decision. *See United States v. Sperling*, 530 F. Supp. 672 (S.D.N.Y.), *aff'd*, 692 F.2d 223 (2d Cir. 1982) (crimes alleged in nolle indictment can serve as predicate offense of conviction for engaging in a continuing criminal enterprise); *United States v. Scott*, 684 F. App'x 20, 21 (2d Cir. 2017) (court can consider the facts underlying a nolle indictment when sentencing for a separate offense). Accordingly, a nolle would not render a reference to the underlying facts or allegations defamatory.

      3.    The Court has considered defendant's other contentions and concluded that they are unpersuasive.

      Defendant's "pro se motion for estoppel against Govt." and other relief [DI 2160] is denied.

      SO ORDERED.

Dated:    October 30, 2020

                                                                      Lewis A. Kaplan
                                                                United States District Judge