UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

-against-

98-cr-1023 (LAK)

MAMDOUH MAHMUD SALIM,

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER DENYING
## PETITION FOR WRIT OF ERROR CORAM NOBIS

LEWIS A. KAPLAN, *District Judge.*

      Defendant Mamdouh Mahmud Salim seeks a writ of error *coram nobis* vacating my May 8, 2019 order to enter the government's *nolle prosequi* of the indictments in this case and related relief.

      Defendant was arrested in 1998 on a complaint and ultimately charged in a series of superseding indictments with various crimes relating to the al Qaeda bombings of the United States Embassies in Kenya and Tanzania. While awaiting trial before this Court, defendant stabbed and gravely injured a guard at a Bureau of Prisons facility. He was charged before a different district judge in a separate indictment with conspiracy to murder and attempted murder of the guard. *United States v. Salim*, 01-cr-02 (DAB). That case resulted in his conviction, and he now is serving a sentence of life imprisonment. *See United States v. Salim*, 690 F.3d 115 (2d Cir. 2012), *cert. denied*, 568 U.S. 1115 (2013).

      Defendant never was brought to trial in this case. On April 30, 2019, the United States Attorney filed the *nolle prosequi* that the Court approved on May 8, 2019. Accordingly, all of the indictments against defendant in this case have been dismissed.

      Since the *nolle* was filed, defendant persistently has been attempting to litigate the issue

whether the *nolle* should have been a dismissal with prejudice. His efforts all have been unsuccessful. This petition is a continuation of those efforts.

"To obtain *coram nobis* relief, a petitioner "must demonstrate that '1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (citations omitted). Petitioner, however, has not satisfied any of these requirements for reasons fully discussed in my prior decisions which need not be repeated here. (Dkt 2134, 2149, 2161) Suffice it to say here that

- petitioner is serving a life sentence, has exhausted all appellate and collateral remedies, and is most unlikely ever to be released, particularly in view of the heinous crimes of conviction,
- there has been no showing that the *nolle* has affected his conditions of confinement adversely or, in the alternative, would not have done so even if the *nolle* had been designated as "with prejudice," and
- there is no reason to suppose that petitioner would have had any realistic prospect of success had he appealed the order accepting the *nolle*.

The petition is denied in all respects.

SO ORDERED.

Dated:     February 21, 2023

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge