UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                           98-cr-1023 (LAK)

MAMDOUH MAHMUD SALIM,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-14-2023

**MEMORANDUM AND ORDER DENYING
PETITION FOR WRIT OF ERROR CORAM NOBIS**

LEWIS A. KAPLAN, *District Judge.*

        Defendant Mamdouh Mahmud Salim was arrested in 1998 and ultimately charged

in a series of superseding indictments with various crimes relating to the al Qaeda bombings of the

United States Embassies in Kenya and Tanzania. While awaiting trial before this Court on those

charges, he stabbed and gravely injured a guard at a Bureau of Prisons facility. He was charged

before a different district judge in a separate indictment with conspiracy to murder and attempted

murder of the guard.[1] He was convicted in that case and now is serving a sentence of life

imprisonment.[2] He never was brought to trial in this case because in April 2019, the government

filed a *nolle prosequi* of the indictments and related relief, which this Court approved on May 8,

2019. All of the indictments against defendant in this case therefore have been dismissed.

        Defendant persistently has contested the Court's approval of the *nolle prosequi*

---

[1]    *United States v. Salim*, 01-cr-02 (DAB).

[2]    *United States v. Salim*, 690 F.3d 115 (2d Cir. 2012), *cert. denied*, 568 U.S. 1115 (2013).

without any success. On February 21, 2023, the Court denied defendant's petition for a writ of error *coram nobis* to vacate the Court's May 2019 order entering the *nolle*. In defendant's current, second *coram nobis* petition, also seeking vacatur of the May 2019 order as well as appointment of counsel and other relief, he contends that there are new facts and evidence that have emerged in support of his petition. He argues that his counsel was constitutionally ineffective because, as stated by his counsel in a signed declaration attached to defendant's petition, his counsel did not inform him of his right to object to the *nolle* or to seek dismissal without prejudice.[3] He contends also that the government "has breached the May 8, 2019 order" based on a document purportedly showing that the government requested to be informed "if/when [defendant is] released from custody," which defendant argues is evidence that the government will "re-instate the indictment once [the] [p]rison notifies [the government] about possible release."[4] Both grounds are without merit.

"To obtain *coram nobis* relief, a petitioner 'must demonstrate that '1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'"[5]

Defendant is not suffering any legal consequences from his conviction that might be remedied by granting this writ. He is serving a life sentence for a conviction unrelated to the indictments in this case, has exhausted all appellate and collateral remedies, and is most unlikely

---

[3]
   Dkt 2225 (Def. Mem.) at 17, Ex. 2, Decl. of Louis Fasulo.

[4]
   *Id.* at 6, 12, Ex. 3, Individualized Needs Plan - Program Review, "Pending Charges."

[5]
   *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (citations omitted).

ever to be released.  His prediction that the government might elect to prosecute him if he ever is

released entirely is speculative and in any event is not a proper basis at this juncture to assume any

continued suffering of legal consequences from the *nolle*. Moreover, "there is no reason to suppose

that [defendant] would have had any realistic prospect of success had he appealed the order

accepting the *nolle*."[6]

   For these reasons and those discussed more fully in the Court's prior decisions, which

need not be repeated here,[7] defendant's petition is denied in all respects.

   SO ORDERED.

Dated:  August 14, 2023

             Lewis A. Kaplan
           United States District Judge

---

[6]
  Dkt 2220 (Court's Feb. 21, 2023 Order) at 2.

[7]
  Dkt 2134, 2149, 2161, 2220.

  Nor is it necessary to rely on the fact that the declaration of defendant's former counsel, upon which defendant relies as "new" evidence, is dated prior to the denial of defendant's last *coram nobis* motion and thus presumably could have been obtained and submitted previously.